UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALANA J. GRIFFITH,

                              Plaintiff,

                                                  DECISION AND ORDER

                                                  16-CV-6315L

                v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.
_____

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On January 23, 2013 plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning October 28, 2012. (Dkt. #8 at 17).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on June 30, 2014 via videoconference before Administrative Law Judge ("ALJ") Roxanne Fuller. *Id*. The ALJ issued an unfavorable decision on September 26, 2014, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 17-30). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 22, 2016. (Dkt. #8 at 1-3). Plaintiff now appeals.

---

[1] References to page numbers in the Administrative Transcript utilize the internal Bates-stamped pagination assigned by the parties.

The plaintiff has moved for judgment remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion (Dkt. #13) is granted, the Commissioner's cross motion (Dkt. #16) is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

**I.    Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. Where, as here, a claimant's alleged disability includes mental components, the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.' " *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997)). Still, "it is not the function of a reviewing court to decide de novo whether a

claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

The injuries on which plaintiff's disability claim is based arose from an automobile accident on October 28, 2012, after which plaintiff reported neck and back pain, and three fractured fingers in her right hand. Plaintiff underwent surgery on her broken fingers on November 1, 2012. After the initial surgery proved unsuccessful, particularly with respect to plaintiff's ring finger, she underwent a second operation on June 6, 2013, which failed to restore function in the subject joint. Plaintiff was advised that her remaining options consisted of "living with" the useless ring finger, taping it to the adjoining finger, or having it amputated. Throughout this period, plaintiff was also seen by multiple physicians and specialists for complaints of neck and back pain, and was treated for depression.

The ALJ determined that the plaintiff had the following severe impairments: myofascial pain dysfunction syndrome (pain and inflammation of connective tissue), right fourth and fifth finger injuries, status post surgical repair of the right fourth finger, and depression. (Dkt. #8 at 19).

3

The ALJ also considered the effects of plaintiff's obesity on her ability to perform work-related functions. The ALJ found that plaintiff was capable of performing light work, with the following abilities and limitations: able to frequently reach, including overhead, with the right dominant arm; able to frequently handle and finger objects (both gross and fine manipulation) with the right dominant hand; able to frequently feel with the right dominant hand; no more than occasional exposure to moving mechanical parts, occasional operation of a motor vehicle, occasional exposure to unprotected heights; and limited to simple, routine and repetitive tasks with only occasional superficial public interaction. (Dkt. #8 at 21).

When presented with this RFC determination, impartial vocational expert Thomas Heiman testified that plaintiff could perform the positions of photocopy machine operator, mail clerk, and cleaner/housekeeper. (Dkt. #8 at 30).

Plaintiff contends that the Appeals Council failed to properly evaluate medical opinions that were submitted after the ALJ's decision, and that the ALJ's decision is based on legal error and is not supported by substantial evidence, because the ALJ failed to properly evaluate the opinions and treatment records of plaintiff's primary care physician, or to complete the record. The Commissioner argues that the post-decision evidence was properly rejected, that the ALJ committed no legal error, and that substantial evidence in the record exists to support her determination that plaintiff is not disabled.

## II.  The Appeals Council's Evaluation of Post-Decision Evidence

Initially, plaintiff alleges that the Appeals Council erred when it declined to consider medical evidence that was submitted after the ALJ's unfavorable decision.

In assessing an appeal, the Appeals Council must review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material and relates to

the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §416.1470(b); §416.1476(b)(1). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

Here, the records submitted by plaintiff to the Appeals Council included a brief statement by plaintiff's treating physician, internist Dr. George Sirotenko ("Sirotenko"), and an RFC assessment by consulting neurologist Dr. Harbinder Toor ("Toor"), both of which were rejected by the Appeals Council on the basis that they were "new information about a later time." (Dkt. #8 at 2).

Dr. Sirotenko's statement is, as plaintiff concedes, of limited probative value, and could have been appropriately ignored by the Appeals Council on that basis in any event. It makes no findings concerning plaintiff's functional limitations, and reports only that plaintiff has "seen multiple orthopedic surgeon[s] for her r[ight] hand/finger injury," is not a candidate for further surgery, and has "reached maximum improvement." (Dkt. #8 at 361).

The Appeals Council's rejection of Dr. Toor's opinion as "information about a later time" was, however, improper. Dr. Toor examined plaintiff on October 17, 2014 – just three weeks after the ALJ issued her opinion – and found reduced spinal flexion, positive straight leg raising tests both sitting and supine, and reduced dexterity and grip strength in the right hand. Dr. Toor opined that plaintiff's ability to push, pull, bend, lift, carry, and use her hands was "very limited" (to maximums of 1-2 hours and/or 10 lbs.), and that other postural activities (e.g., walking, standing, sitting, climbing) were "moderately limited" (to a maximum of 2-4 hours). (Dkt. #8 at 355-59).

Because Dr. Toor's examination took place shortly after the ALJ's decision was rendered, and because it specifically and objectively assessed the physical functions that formed the basis of plaintiff's disability claim and which, the record indicates, remained largely unchanged throughout

5

plaintiff's treatment history despite multiple surgeries, Dr. Toor's October 17, 2014 opinion was manifestly probative and relevant to the issue of whether plaintiff was under a disability during the period prior to September 26, 2014. *Accord Lisa v. Secretary of Dep't of Health and Human Serv.*, 940 F.2d 40, 44 (2d Cir. 1991) (evidence bearing on an applicant's condition subsequent to the date last insured is pertinent, in that it may disclose the severity and continuity of impairments existing before that date).

Indeed, Dr. Toor's opinion assisted in filling a notable gap in the record, due to the fact that the ALJ had rejected the only other medical opinion of record which specifically measured and assessed plaintiff's right hand function and other exertional and postural limitations. That opinion was rendered by consulting internist Dr. Karl Eurenius, who examined plaintiff on March 19, 2013 and opined, among other things, that she was markedly limited in lifting, carrying or otherwise using her right hand due to fourth and fifth finger pain and weakness. (Dkt. #8 at 273). The ALJ rejected this portion of Dr. Eurenius's opinion, largely on the grounds that Dr. Eurenius's examination took place four months after plaintiff's initial hand surgery, presumably while she was still recovering, and prior to her second surgery, which the ALJ characterized – erroneously – as having improved plaintiff's functioning. *See* Dkt. #8 at 28 (citing Dkt. #8 at 321-322, June 26, 2013 report of orthopedic surgeon Dr. Matthew Tomaino briefly notes that, "[s]ymptoms have improved since surgery," but goes on to state that plaintiff's pain is still "rated as 8/10 in severity on average . . . I am disappointed that our attempts at restoring a functional PIP joint [in plaintiff's ring finger] were unsuccessful. Alana understands that the two options remaining include fusion and amputation [of the ring finger]").

Because the ALJ had rejected the relevant portions of Dr. Eurenius's opinion on the grounds that it predated plaintiff's second surgery in June 2013, Dr. Toor's opinion, which is the

6

first and only assessment of plaintiff's right hand functional limitations following that surgery, and after plaintiff had experienced all possible improvement – was both material and relevant. *See Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing, particularly where the evidence suggests that during the relevant time period, a claimant's condition was more serious than previously thought). *See also Phoenix v. Colvin*, 2015 U.S. Dist. LEXIS 13330 at *65-*66 (S.D.N.Y. 2015) ("[a]n opinion from a physician who did not provide treatment during the period in question" may be relevant to determining a claimant's disability if it reveals that the claimant's condition was more serious than previously thought).

Further, Dr. Toor's findings are probative: they directly contradict the ALJ's RFC determination, corroborate the RFC report of Dr. Eurenius, and undermine the ALJ's unsupported finding that plaintiff's right hand function improved after her second surgical procedure. As such, Dr. Toor's report was entitled to consideration by the Appeals Council when it denied review, and remand is appropriate. *See Sears v. Colvin*, 2013 U.S. Dist. LEXIS 175513 (N.D.N.Y. 2013) (where Appeals Council erred by determining that new evidence was insufficient to trigger review of an ALJ's decision, remand is appropriate). *See also Barimah v. Commissioner*, 2004 U.S. Dist. LEXIS 19356 at *4-*5 (E.D.N.Y. 2004) (opinion generated after ALJ's decision that corroborates the claimant's pre-decision complaints is relevant and probative, particularly where the limitations to which it testifies were not fully credited by the ALJ, and should not have been rejected by the Appeals Council).

**III. The ALJ's Assessment of Dr. Sirotenko's Opinions and Treatment Records**

Plaintiff also challenges the ALJ's failure to discuss the opinions of treating physician Dr. Sirotenko, and alleges that the ALJ was obligated to complete the record by seeking clarification from Dr. Sirotenko concerning his handwritten treatment records.

A treating physician's opinion is entitled to controlling weight if it is well supported by medical findings, and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). *See also Lewis v. Colvin*, 2014 U.S. Dist. LEXIS 165488 at *9-*10 (W.D.N.Y. 2014) (collecting cases, and noting that the treating physician rule applies equally to opinions cosigned by a treating physician). If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 20 C.F.R. §419.1527(c). Where an ALJ fails to apply these factors and provide good reasons for the weight given to the treating physician's report, remand is required. *See Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *Morris v. Colvin*, 2016 U.S. Dist. LEXIS 184030 at *29 (E.D.N.Y. 2016).

Plaintiff argues that the ALJ committed reversible error when she failed to discuss the opinions of plaintiff's longtime treating physician, Dr. Sirotenko, that plaintiff was "out of work" due to a motor vehicle accident. (Dkt. #8 at 296-300).

To the extent that Dr. Sirotenko's "out of work" notes can be construed as medical opinions, any error committed by the ALJ in ignoring them was harmless. The notes list no diagnoses, shed no light on plaintiff's functional limitations, and are nothing more than a cursory opinion as to the ultimate issue of disability, a determination which is reserved for the

8

Commissioner. *See Wilson v. Colvin*, 2017 U.S. Dist. LEXIS 102104 at *11-*12 (W.D.N.Y. 2017).

Nonetheless, the ALJ's assessment of the record was clearly hampered by the inability to meaningfully examine Dr. Sirotenko's treatment notes. Those notes are material and relevant, inasmuch as they originated from plaintiff's primary care physician, and the only individual who treated plaintiff regularly for all of her allegedly disabling conditions, including hand, back and neck pain, and depression. They are also, the Court observes, virtually unreadable. As such, it is impossible for this Court – as it must have been for the ALJ – to determine whether Dr. Sirotenko's treatment notes express any opinions concerning plaintiff's functional limitations, let alone whether they support plaintiff's claim of disability. Where the illegibility of treatment notes prevents meaningful assessment of the record, the ALJ "has an affirmative duty to develop the record and seek additional information from the treating physician, *sua sponte*, even [where, as here,] plaintiff is represented by counsel." *Jackson v. Barnhart*, 2008 U.S. Dist. LEIXS 124955 at *17 (W.D.N.Y. 2008). *See also Stewart v. Colvin*, 2015 U.S. Dist. LEXIS 98393 at *18-*19 (W.D.N.Y. 2015) (remand is required, where illegibility of treatment notes makes it impossible for the Court to determine whether the ALJ's rejection of the treating physician's opinion was proper).

In her decision, the ALJ referred only fleetingly to Dr. Sirotenko's treatment notes, noting that Dr. Sirotenko prescribed medication for plaintiff's depression and pain, and that during a single visit on January 3, 2014, plaintiff's pain level and depression were reportedly reduced. (Dkt. #8 at 25). Tellingly, that information derives from numerical notations made on a stamped portion of a form that did not require any interpretation of Dr. Sirotenko's handwriting to understand. *Id*. The ALJ does not cite any other portion of Dr. Sirotenko's treatment notes – three years' worth of

9

records reflecting visits on approximately a monthly basis. The glaring omission of any other reference to Dr. Sirotenko's treatment records suggests that the ALJ was, like the Court, unable to decipher them. Because those records may contain probative evidence concerning plaintiff's functional limitations as assessed by her treating physician during the relevant time period (the records do appear to contain possible assessments of, for example, spinal flexion and extension, with letters resembling "flex" and "ext," followed by inscrutable squiggles), remand for the purpose of clarifying those records is necessary.

## CONCLUSION

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is denied. Plaintiff's motion for judgment on the pleadings (Dkt. #13) is granted, and the matter is remanded for further proceedings consistent with this opinion, including consideration of Dr. Toor's October 17, 2014 RFC assessment, the obtainment of clarification concerning the contents of treatment records from plaintiff's primary care physician, Dr. Sirotenko, and the gathering of such other and further medical opinion(s) concerning plaintiff's functional limitations during the relevant time period as may be necessary to complete the record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 9, 2018.