UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALANA G.,

                                                                    DECISION AND ORDER

                        Plaintiff,

                                                                      16-CV-6315L

                       v.

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.
_____

      Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #25). Pursuant to a contingent fee agreement permitting an award of attorneys fees of up to 25% of the past-due benefits award, plaintiff's counsel, Kenneth Hiller, seeks an award of $24,935.15 (25% of the award for past-due benefits), which will be reduced by $7,117.00 when counsel refunds to plaintiff the amount previously awarded to the plaintiff for attorney fees under the Equal Access to Justice Act ("EAJA").

      The Commissioner does not oppose plaintiff's motion, but has filed a response indicating that rates comparable to the de facto hourly rate sought by counsel have been variously "approved and disapproved" by district courts in this Circuit. (Dkt. #28).

      The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise in Social Security law, the results that were achieved (an award of nearly $100,000.00 in past-due benefits), and the absence of any delay in the

proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005).

The Court has reviewed the time records submitted by plaintiff's counsel (Dkt. #25-2), and I find no evidence of delay, unreasonable expenditures of time, or duplication of effort. The Court has also considered the deference that is owed to agreements between an attorney and client, the compelling public interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). Moreover, the award is appropriate in light of the work performed, which included vigorous representation of the claimant, whose claims were contested by the Commissioner at every level.

The net amount of attorney's fees that counsel stands to receive – $24,935.15 – results in a *de facto* hourly rate of $862.27 for 36.73 hours of attorney time. This amount is within the range of hourly fees found to be reasonable in similar, recent cases in this district. *See e.g., Salone v. Commissioner*, 2020 U.S. Dist. LEXIS 59634 (W.D.N.Y. 2020) (approving fee request with a de facto hourly rate of $956.25 per hour, and noting that cases in which courts have reduced similar fees are distinguishable in that they involved a modest amount of work by attorneys who secured stipulations, or who billed excessive amounts of time); *Sims v. Commissioner*, 2020 U.S. Dist. LEXIS 28330 (W.D.N.Y. 2020) (approving fee with de facto hourly rate of $980.87 per hour); *McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 (W.D.N.Y. 2019) (approving fee with de facto hourly rate of $1,051.64 per hour).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #25) in the amount of $24,935.15 is granted. The award is to be made payable to Kenneth Hiller, Esq., attorney for plaintiff. If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 18, 2021.